## Louisville & Nashville R. R. Co. v. Neal.

(Decided October 19, 1911.)

### Appeal from Muhlenberg Circuit Court.

Railroads—Fire—Damages—Sufficiency of Evidence.—In an action for damages for the destruction of property by fire alleged to have

been caused by the negligence of a railroad company, evidence examined, and held sufficient to justify the submission of the case to the jury.

BROWDER & BROWDER, BENJAMIN D. WARFIELD, for appellant.

R. Y. THOMAS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, M. H. Neal, owns a farm adjoining the right of way of the Louisville & Nashville Railroad Company. In the month of September, 1908, a fire occurred on his farm and injured his property. Charging that the fire was due to the negligence of the railroad company in permitting weeds, high grass, decayed timber and other inflammable and combustible material to accumulate and remain on its right of way, and also its failure to have its engine properly equipped with a spark arrester, as well as its negligence in the management and operation of its trains, he brought this action to recover damages. The items of damage are, 400 panels of slat and wire fence and posts of the value of $200; four gates of the value of $15; one stable of the value of $50; fifteen acres of meadow of the value of $250, and damage to his land, $120. In another paragraph he also sued for the value of one steer alleged to have been killed by the negligence of defendant in operating its train and engine. A trial resulted in a verdict and judgment for plaintiff in the sum of $415, and the railroad company appeals.

The evidence shows that one of defendant's trains passed plaintiff's premises fifteen or twenty minutes before the time of the fire. At the time of the fire the wind was blowing in the direction of the plaintiff's farm. One witness states that there was a lot of high grass along the railroad right of way, though several of the defendant's witnesses claim that the right of way had been cleaned off just a few days before the fire. Plaintiff testifies that the fire was burning on the right of way, and although he did not see the beginning of the fire he did see where it originated when he went down there. Tobe Nelson, a negro, testified that the fire caught on the right of way. A statement signed by him was produced, and according to this statement the fire began on plaintiff's farm. Upon the introduction of this statement the witness became

confused and admitted that he signed the statement and that the fire was burning off the right of way when he got there. The witnesses for the defendant testified that the fire caught on plaintiff's premises and eventually burned over in the right of way. There was also evidence to the effect that the defendant's engines, in passing plaintiff's premises, emitted sparks and cinders of large size. Defendant proved that its spark arresters were in good condition and free from defects.

It is insisted for the defendant that there was no evidence to take the case to the jury. Even its witnesses admitted that the fire had burned on the right of way. The wind was blowing from the right of way towards appellant's premises. As one of the witnesses testified there was high grass along the right of way, and as the wind was blowing in the direction of plaintiff's premises, the probability that the fire occurred on the right of way and spread to plaintiff's premises is greater than that it occurred on plaintiff's premises and spread to the right of way. At any rate, the question was one for the jury. Aside from this consideration, notwithstanding the fact that defendant proved that the spark arresters on all of its engines that passed plaintiff's premises on the day in question were in good condition, there was evidence to the effect that defendant's engines emitted large sparks and cinders. It has frequently been held that this character of evidence is admissible for the purpose of showing that the spark arresters were not in fit condition. With this evidence before the court, supplemented by the fact that one of defendant's trains had passed plaintiff's premises about fifteen minutes before the fire occurred, it was proper for the court to submit to the jury the question whether or not the fire was caused by a defective spark arrester. If so, it was immaterial whether the fire originated on the right of way or on plaintiff's premises. In this class of cases it is practically impossible for one whose premises are injured by fire to prove negligence except from the attending circumstances, and very slight evidence is held sufficient to take the case to the jury.

We are not disposed to disturb the verdict on the ground that the damages awarded are excessive. Plaintiff and some of his witnesses fixed the damages at a much larger sum than the jury awarded, while two or three witnesses, who testified for defendant, fixed the damages at a very insignificant sum. A careful reading of the

record convinces us that the estimate of the damages made by the defendant's witnesses is entirely too small, and that the sum awarded by the jury more nearly approaches the real damage which plaintiff sustained.

Other errors are relied upon, but we do not deem them of sufficient importance to justify us in reversing the judgment.

Wherefore, the judgment is affirmed.